# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,  )  No. 70323-4-I
                      )
            Respondent,  )  DIVISION ONE
                      )
    v.                )
                      )
FELIPE A. MAGNEY,     )  UNPUBLISHED
                      )
            Appellant.  )  FILED: March 9, 2015
                      )

Cox, J. – Felipe Magney appeals his convictions for robbery in the first degree and other crimes. He first argues that court erred by ruling that his custodial statements to police officers were admissible in violation of Miranda v. Arizona.[1] He next argues that the court's failure to enter written CrR 3.5 findings of fact and conclusions of law requires a remand. Lastly, he claims that the court abused its discretion when it allowed a juror to serve after he disclosed his brother was a security guard at a certain bar.

Because Magney's custodial statements were not admitted at trial, any error in the pretrial ruling to admit them was harmless beyond a reasonable doubt. The trial court's CrR 3.5 findings and conclusions have now been entered, and there is no claim of tailoring or other prejudice. And the court did not abuse its discretion in allowing the juror to serve. We affirm.

---

[1] 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The State charged Magney and a co-defendant with multiple felonies, including multiple counts of robbery and one count of drive-by-shooting. The charges stemmed from an incident outside of a bar, where Magney and his co-defendant allegedly stole a car at gunpoint.

After Magney was arrested, he spoke to police officers on several occasions. Police read him his Miranda rights each time, and he twice invoked his rights.

Before trial, the court held a CrR 3.5 hearing to determine if statements made by Magney and his co-defendant would be admissible. Although the court ruled the statements would be admissible at trial, in fact, the State decided not to introduce them into evidence at trial.

Shortly after the jury was empaneled, one juror informed the bailiff that his brother worked as a security guard at the bar where some of the events took place. The bailiff then disclosed this in open court. The court questioned this juror on the record. But, in the absence of any further questions from any party, the court permitted the juror to remain on the panel.

During trial, the court dismissed one count of robbery against Magney. The jury convicted Magney of all remaining counts.

Magney appeals.

## STATEMENTS TO OFFICERS

Magney argues that the court erred by ruling pretrial that some of his custodial statements to police officers were admissible in violation of Miranda.

Because these statements were never actually admitted at trial, any error in the court's pretrial ruling was harmless beyond a reasonable doubt.

When a trial court admits statements in violation of <u>Miranda</u>, it is a constitutional error.[2] "'A constitutional error is harmless if the appellate court is convinced beyond a reasonable doubt that any reasonable jury would have reached the same result in the absence of the error.'"[3]

Here, the challenged statements were never offered by the State or admitted into evidence. Thus, any error in the court's pretrial ruling admitting these statements was harmless beyond a reasonable doubt.

In his brief, Magney states that the court admitted these statements. But he provides no citation to the record. Moreover, Magney did not file a reply brief to contest the State's assertion in its brief that the statements were never admitted. Finally, our independent review of the record shows that the statements were never actually admitted. Thus, Magney's arguments are unpersuasive.

## CR 3.5 FINDINGS AND CONCLUSIONS

Magney argues that this court should remand his case because the trial court failed to enter findings of fact and conclusions of law following the CR 3.5 hearing. Because these have been entered and there is no claim of tailoring or other prejudice, we disagree.

---

[2] See <u>In re Pers. Restraint of Cross</u>, 180 Wn.2d 664, 688, 327 P.3d 660 (2014).

[3] <u>State v. Franklin</u>, 180 Wn.2d 371, 382, 325 P.3d 159 (2014) (quoting <u>State v. Watt</u>, 160 Wn.2d 626, 635, 160 P.3d 640 (2007)).

CrR 3.5 requires the trial court to enter written findings of fact and conclusions of law following a hearing. But a trial court may enter its findings while an appeal is pending.[4] That happened here.

When the trial court enters its findings and conclusions after the appellant's brief is filed, this court will reverse only if the appellant shows prejudice from the delay or "that the findings and conclusions were tailored to meet the issues presented in his brief."[5] There is no claim of tailoring or other prejudice here. Accordingly, we reject this argument.

## INVESTIGATION OF JUROR BIAS

Magney argues that the court erred by failing to investigate a juror's fitness to serve. Magney concedes that the juror was not disqualified from service. But he argues that the court failed to adequately investigate whether the juror was biased. We disagree.

Under RCW 2.36.110, the court must dismiss unfit jurors. This statute creates a "continuous obligation" of the court to investigate whether a juror is unfit.[6]

On appeal, we "grant[] broad discretion to the trial judge in conducting an investigation of jury problems."[7]

---

[4] State v. Quincy, 122 Wn. App. 395, 398, 95 P.3d 353 (2004).

[5] Id.

[6] State v. Elmore, 155 Wn.2d 758, 773, 123 P.3d 72 (2005).

[7] Id.

Here, the court did not abuse its discretion when it allowed the juror to continue to serve. The court questioned the juror on the record. The court asked the juror if he had "spoken to [his] brother about anything that might relate to issues involved in this case." The juror said that he had not. The court then asked the juror about his brother's employment at the bar and confirmed that the juror had no outside knowledge of the case. Finally, the court asked the juror if he would follow the instruction not to discuss the case with his brother. The juror answered that he would.

After questioning the juror, the court told counsel to consider the situation over the weekend and raise any concerns when trial resumed. The court also told counsel to let it know if they wanted the court to ask the juror any additional questions. When trial resumed, counsel did not either raise any concerns about the juror or request that the court ask the juror any additional questions. The court did not abuse its discretion by permitting the juror to remain on the case after following these procedures.

Magney argues that his case must be reversed under State v. Cho.[8] But that case is not analogous to Magney's case.

In Cho, a juror did not disclose that he was a former police officer.[9] The record in that case "raise[d] a troubling inference of deliberate concealment."[10]

---

[8] 108 Wn. App. 315, 30 P.3d 496 (2001).

[9] Id. at 319.

[10] Id. at 327.

This court remanded that case for the trial court to make findings on whether the juror was impliedly biased.[11]

Magney's case does not raise any inference that the juror was biased or deliberately concealed any facts. In fact, it was the juror who informed the bailiff that his brother worked at the bar. And the court examined the juror about potential bias and appears to have concluded that the juror would be unbiased in deciding the case. There was no abuse in this discretionary determination. Accordingly, Cho is distinguishable from the present case.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

---

[11] Id. at 328-29.